UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLEIDA JOSEFINA ROMERO-GANDO, | § § § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00564 |
| MARTIN FRINK, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Yoleida Josefina Romero-Gando's ("Petitioner") Amended Petition for Writ of Habeas Corpus (Doc. #15),[1] Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #8), and Petitioner's Opposition to the Motion for Summary Judgment (Doc. #9). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner, a citizen of Venezuela, entered the United States without inspection on or about October 23, 2021 near Eagle Pass, Texas. Doc. #1, Ex. 3 at 1; Doc. #8 at 2. Upon entry, Petitioner was apprehended by immigration authorities and detained. Doc. #15 at 2. At that time, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being "an alien present in the United States who has not been admitted or paroled"

---

[1] The Amended Petition (Doc. #15) does not materially alter the claims or factual allegations presented in the Original Petition (Doc. #1). Accordingly, the Court concludes that Respondents' prior Response and Motion for Summary Judgment (Doc. #8) adequately address the operative Petition for Writ of Habeas Corpus, and no further briefing is necessary.

and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Doc. #1, Ex. 3. Petitioner was placed in removal proceedings and later released on her own recognizance subject to certain conditions. Doc. #15 at 2, 4. Several years later, on December 12, 2025, Respondents re-detained Petitioner during a check-in appointment with Immigration and Customs Enforcement. Doc. #8 at 2; Doc. #15 at 2. She is currently in custody at the Houston Processing Center in Houston, Texas and has not been afforded a bond hearing. Doc. #15 at 4, 7. According to the record before the Court, there is no evidence Petitioner ever failed to comply with the conditions of her release. *See* Doc. #8; Doc. #15 at 7, 9. Furthermore, the parties do not dispute that Petitioner has no criminal history, and the record does not suggest she is a flight risk or danger to the community. *Id.*

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #8 at 4-6. Petitioner contends that her re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #15 at 8-9. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). Likewise, courts have found procedural due process violations where noncitizen detainees lack criminal history, are not flight risks, and pose no danger to the community. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex.

Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates her right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #8. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #15.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of her release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

3

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

MAY 2 8 2026

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge